**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3724-19

IN THE MATTER OF
MICHAEL CHASE,
TOWNSHIP OF IRVINGTON.

Submitted November 16, 2021 – Decided January 11, 2022

Before Judges Currier and DeAlmeida.

On appeal from the New Jersey Civil Service Commission, Docket No. 2016-3321.

DeCotiis, Fitzpatrick, Cole & Giblin, LLP, attorneys for appellant Township of Irvington (Susan E. Volkert and Michelle Yang, on the briefs).

Brickfield & Donahue, attorneys for respondent Michael Chase (Joseph R. Donahue, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission (Debra A. Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Michael Chase became a police officer in 1975 and Chief of Police of the

Township of Irvington (the township) in 2005. In 2012, two police officers filed

an Internal Affairs (IA) complaint alleging, among other things, that on a few occasions Chase had ordered them to take his wife's car (the vehicle) to be repaired during work hours. The Essex County Prosecutor's Office (ECPO) began an investigation and videotaped the officers transporting the vehicle and picking it up the next day.

Although ECPO found no basis for a criminal prosecution, they recommended the township administratively discipline Chase. Thereafter, the township filed disciplinary charges against Chase with respect to the vehicle repair and other matters. A hearing officer found Chase guilty on some of the charges. The hearing officer recommended the township terminate Chase because of his conduct.

Chase filed an appeal with the Office of Administrative Law (OAL) and an administrative law judge (ALJ) conducted a hearing that spanned more than three years. The ALJ made an initial decision to sustain some charges and reject others, and recommended a six-month suspension, instead of termination. The Civil Service Commission (CSC) entered a final agency decision on May 1, 2020, affirming the ALJ's initial decision.[1]

---

[1] Chase reached the mandatory retirement age in July 2016.

A-3724-19

The township appeals the final agency decision, including the downgrading of Chase's penalty from termination to a six-month suspension, arguing it was arbitrary, capricious, and not supported by the evidence. We affirm.

We have "a limited role" in reviewing agency decisions. Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). To reverse an agency's judgment, we must find the agency's decision "arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole." Id. at 580. An agency action is arbitrary, capricious, or unreasonable if it violates the law, if the record does not contain substantial evidence to support it, or if the agency conclusion could not reasonably have been reached on a showing of the relevant factors. In re Carter, 191 N.J. 474, 482-83 (2007).

The ALJ performed a comprehensive analysis of the evidence and supported her findings with sufficient reasoning as to why she sustained some charges and rejected others. The CSC completed an independent review of the record and considered the exceptions filed by the parties prior to its determination to adopt the ALJ's conclusions.

We reject the Township's contention that the ALJ and CSC ignored Chase's prior disciplinary record and the severity of his offenses in determining

3

a six-month suspension was the appropriate sanction. The ALJ found Chase did not have a significant history of prior discipline, but his conduct outlined in the sustained charges set a bad example for one in his position as chief of police and as a law enforcement officer for over thirty years. Therefore, the ALJ did not ignore Chase's prior disciplinary record, but instead found it was not significant. In adopting the ALJ's findings, the CSC agreed.

In addressing the penalty, the CSC supported its decision to concur with the ALJ's imposition of a six-month suspension rather than the termination recommended by the hearing officer.

We will not substitute our own judgment for that of an administrative agency, even when reviewing disciplinary sanctions. In re Herrmann, 192 N.J. 19, 28 (2007). When reviewing administrative sanctions, we consider whether the "punishment is so disproportionate to the offense, in the light of all of the circumstances, as to be shocking to one's sense of fairness." In re Stallworth, 208 N.J. 182, 194-95 (2011) (internal quotation marks omitted) (quoting In re Carter, 191 N.J. at 484).

The township asserts that termination was required because Chase was held to a higher standard as a police chief. However, the ALJ found, and the record supported, that most charges against Chase were not sustained.

A-3724-19

Nevertheless, the ALJ recommended a six-month suspension. The CSC adopted the ALJ's recommendation, and its decision was reasonable under the circumstances.

The Township also argues that the final agency decision will result in an injustice to the public because Chase reached the mandatory age of retirement while the administrative proceedings were underway. Therefore, he will not experience any repercussions from the six-month suspension because his salary was paid in full through the date of his retirement.

It is true that because of the lengthy administrative and OAL hearings, Chase retired before the six-month suspension went into effect. But the Township does not allege that Chase caused the delay in the combined hearings, which took more than five years. Protracted proceedings resulting in a favorable situation for Chase do not support the imposition of a harsher penalty than the one reasonably determined by the CSC.

Any remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3724-19